**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERENCE THOMAS p/k/a "DJ MASTER TEE" | : |
| d/b/a MASTER LAB PUBLISHING | :  Civil Action No.: |
| | : |
| Plaintiff, | :  **COMPLAINT** |
| v. | : |
| | : |
| TONY D. PIZARRO, | : |
| INTERSCOPE RECORDS, INC., | : |
| WB MUSIC CORP., | : |
| THE UNDERGROUND CONNECTION, | : |
| INTERSCOPE PEARL MUSIC, INC., | : |
| JOSHUA'S DREAM MUSIC, | : |
| UNIVERSAL MUSIC GROUP, N.V., | : |
| ALLEN HUGHES and ALBERT HUGHES p/k/a | : |
| "THE HUGHES BROTHERS", | : |
| EL MATADOR PRODUCTIONS, LLC | : |
| HULU, LLC, | : |
| FX NETWORKS, LLC, | : |
| THE WALT DISNEY COMPANY d/b/a/ | : |
| DISNEY ENTERTAINMENT, | : |
| NBC UNIVERSAL MEDIA, LLC, | : |
| FOX ENTERTAINMENT GROUP,  LLC, | : |
| | : |
| Defendants, | : |
| And | : |
| | : |
| UNIVERSAL MUSIC PUBLISHING, INC., | : |
| WARNER CHAPPELL MUSIC, INC., and | : |
| BMG MUSIC PUBLISHING, INC., | : |
| | : |
| Relief Defendants. | : |

Plaintiff, Terence Thomas p/k/a "DJ Master Tee" d/b/a The Master Lab,  by his attorneys, Kevon

Glickman Law LLC and Verner Simon, as and for his Complaint against the Defendants, Tony D.

Pizarro, Interscope Records, Inc., Universal Music Group, N.V., Allen Hughes and Albert Hughes

p/k/a "The Hughes Brothers", El Matador Productions, LLC, Hulu, LLC, FX Networks, LLC, The

Walt  Disney  Company  d/b/a/  Disney  Entertainment,  NBC  Universal  Media,  LLC,  Fox

Entertainment Group, LLC,  and Relief Defendants, Universal Music Publishing, Inc., Warner

Chappell Music, Inc., and BMG Music Publishing, Inc., states as follows:

## STATEMENT OF THE CASE

1.      This is a case about the creation and copyrights in and to the iconic hip-hop/rap song "Dear

Mama", co-created and performed by the late Tupac Amaru Shakur  professionally known as

"2Pac", and which is one of three hip-hop songs ever preserved in the Library of Congress'

Recording Registry.[1]

2.      "Dear Mama" is such an epic landmark in the hip-hip music culture and history that Hulu,

FX Networks, LLC, Disney and their affiliates (Defendants described and named below) have

produced and shown a documentary entitled "Dear Mama" about 2Pac and the creation of the

song.https://www.hulu.com/series/dear-mama-61e513d4-488f-4b1f-b404-f8a33458fca8



---

[1]      The Recording Registry preserves "culturally, historically or aesthetically significant" works.  The Library of Congress called Tupac's "Dear Mama" "a moving and eloquent homage to both the murdered rapper's own mother and all mothers struggling to maintain a family in the face of addiction, poverty and societal indifference."  Daniel Krepps, *Rolling Stone*, June 23, 2010.  https://www.rollingstone.com/music/music-news/r-e-m-tupac-inducted-into-library-of-congress-registry-238657/

3.      Hulu has described the doc-u-series as a "deeply personal five-part series that defies the conventions of traditional documentary storytelling to share an illuminating saga of mother and son, Afeni and Tupac Shakur."

4.      On or about November 8, 2023 Tupac was nominated for a Grammy, 27 years after his death for the song "Dear Mama" in the category "Best Music Film".



"Dear Mama" doc-u-series has been also nominated for two 2023 Emmy Awards for Outstanding Documentary and Non-Fiction Series and Outstanding Writing for a Non-Fiction Program.  Dear Mama - Emmy Awards, Nominations and Wins | Television Academy (emmys.com).  Both the Grammy and Emmy Award winners will be announced in Feb of 2024.

5.       As pled and described in detail below, the Plaintiff, Terence Thomas, a music composer, producer and hip-hop DJ, p/k/a "Master Tee", co-wrote, produced and published the music to

which 2Pac immediately wrote the lyrics in a single one-hour epiphany.  This proof comes directly

from 2Pac's own handwritten account and hand-written credits.



6.    Other evidence is conclusive and irrefutable on the issue of Master Tee's common law copyright and his musical creation, from video recordings in a 1996 video-taped MTV interview of 2Pac just prior to his untimely murder in Las Vegas, NV in September 1996 as highlighted below. Tupac Interview by Bill Bellamy 1996 (HQ)youtube (at 1 min., 07 secs. through 1 min., 37 secs).



7.    However, Master Tee was never properly and fully credited with his publishing copyright from the writing and creation of the music of "Dear Mama' and instead, a self-serving group, led by an upstart music producer, Tony D. Pizarro, conspired with executives at Interscope Records and Universal Music Group, misappropriated Master Tee's publishing copyright and Master Recording Copyright and assumed the identity of writer/publisher of "Dear Mama's" music.

8.    Defendants Tony Pizarro, having stolen from Master Tee the provenance of what became one of the most iconic pieces of hip-hop culture, has catapulted himself and engineered his grand

reputation into the business of rap music on the back of Master Tee's musical creation and on the fame of the soon to be murdered 2Pac.[2]

9.      Pizarro today is a multi-million dollar earning producer  who still touts his former relationship  with  2Pac  and  "Dear  Mama"  as  the  primary  pillar  of  his  success. https://peopleai.com/fame/identities/tony-pizarro .

10.     By this Complaint, Master Tee seeks to reclaim his rightful place in hip-hop history and culture by judgment declaring his ownership and copyright to "Dear Mama" and "Dear Mama Remix" and by restitution from the Defendants named here.


## THE PARTIES

11.     Plaintiff Terence Thomas p/k/a "DJ Master Tee" d/b/a Master Lab Publishing,  ("Thomas or "Master Tee"), an individual and is a citizen of the state of New York with a primary residence located in Huntington, New York.  Master Tee was raised on the Southside of Jamaica Queens New York and is a musical artist - not a sophisticated business person.  For the past 26 plus years, Master Tee has been earning a living as a NYC bus driver.

12.     Defendant, Tony D. Pizarro ("Pizarro") is an individual and is a citizen of the state of California with an address located at 1369 S. Doherty Drive, Suite 109, Beverly Hills, CA 90210. Defendant Pizarro infringed upon the Plaintiff's copyrights and engaged in tortious misconduct as pled more specifically herein.

13.     Defendant, Interscope Records, Inc. ("Interscope") is a corporation formed under the laws of the state of Delaware, is a subsidiary of Universal Music Group  with its principal place of business located at 2220 Colorado Ave, Santa Monica CA 90404.  Defendant Interscope infringed

---

[2]      While Defendants will invariably use the passage of time to attempt a defense, it is noteworthy that only this year has the prime suspect in 2Pac's 1996 murder been arrested.  https://apnews.com/article/tupac-shakur-killing-duane-keefe-davis-vegas-3f7050c2a68813d86a96b96fbb3f1d1a

upon the Plaintiff's copyrights and engaged in tortious misconduct as pled more specifically herein.

14.     Defendant, Universal Music Group, N.V., ("Universal Music") is a Dutch-American corporation formed under the laws of the country of the Netherlands, is the parent of Universal Music Group, Inc.  and the parent of Defendant Interscope Records, with its international headquarters located at Hilversum, Netherlands, and its operational headquarters and principal place of business located at 2220 Colorado Ave, Santa Monica CA 90404.  Defendant Universal Music infringed upon the Plaintiff's copyrights and engaged in tortious misconduct as pled more specifically herein.

15.     Defendant, WB Music Corp., is corporation formed under the laws of the state of Delaware, is the music publishing arm of Warner Bros. Music Group with a headquarters and principal place of     business     located     at     10585     Santa     Monica     Boulevard Los Angeles, California, CA 90025.  WB Music acted in concert with Defendants Pizarro, Interscope and Universal Music in the registration of copyright of "Dear Mama Remix" as set forth below to the exclusion of Plaintiff's copyright and has thereby infringed upon Plaintiff's copyright.

16.      Defendant, The Underground Connection, LLLP is a hip hop music publisher and limited liability partnership formed under the laws of the state of Nevada with its principal place of business located at 1628 Rambling Rd., Simi Valley, CA 93065.  The Underground Connection acted in concert with Defendants Pizarro, Interscope and Universal Music in the registration of copyright of "Dear Mama Remix" as set forth below to the exclusion of Plaintiff's copyright and has thereby infringed upon Plaintiff's copyright.

17.     Defendant, Interscope Pearl Music, Inc., is a corporation formed under the laws of the state of Delaware and is a publishing affiliate of BMI with its principal place of business located at 10900 Wilshire Blvd., Suite 1400, Los Angeles, CA 90024.  Interscope Pearl Music, Inc. acted in

concert with Defendants Pizarro, Interscope and Universal Music in the registration of copyright of "Dear Mama Remix" as set forth below to the exclusion of Plaintiff's copyright and has thereby infringed upon Plaintiff's copyright.

18.     Defendant, Joshua's Dream Music is a limited liability company formed under the laws of the state of California and is the publishing company for the estate of Tupac Shakur.  Joshua's Dream Music acted in concert with Defendants Pizarro, Interscope and Universal Music in the registration of copyright of "Dear Mama Remix" as set forth below to the exclusion of Plaintiff's copyright and has thereby infringed upon Plaintiff's copyright.

19.     Defendants, Allen Hughes and Albert Hughes p/k/a "The Hughes Brothers" ("The Hughes Brothers") are individuals who are citizens of the state of California, American film makers and creators of the doc-u-series "Dear Mama" with offices c/o Believe Media, 585 N. Larchmont Boulevard, Los Angeles, CA 90004 which infringes upon the Plaintiff's copyrights as pled more specifically herein.

20.      Defendant, El Matador Productions, LLC ("Matador") is a limited liability company formed under the laws of the state of California with its principal place of business located at 1901 Avenue Of The Stars, Floor 19, Los Angeles, CA 90067.  El Matador is an entertainment company which produced, publishes and presents the Hughes Brothers doc-u-series "Dear Mama" in tandem with the other Defendants named here and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

21.     Defendant, Hulu, LLC, ("Hulu") is a limited liability company formed under the laws of the state of Delaware with its principal place of business located at 2500 Broadway, Suite 200, Santa Monica, CA 90404.  Hulu is the streaming media company which publishes and presents the Hughes Brothers doc-u-series "Dear Mama" and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

22.     Defendant, FX Networks, LLC ("FX Networks") is a limited liability company formed under the laws of the state of Delaware with its principal place of business located at 0201 W. Pico Blvd., Bldg. 103, Los Angeles, CA, 90064-2606.   FX Networks is a company consisting of a network of cable channels plus a production company and a subsidiary of the Disney Entertainment business division of The Walt Disney Company.  FX Networks is the media company which publishes and presents the Hughes Brothers doc-u-series "Dear Mama" and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

23.     Defendant, The Walt Disney Company d/b/a Disney Entertainment ("WDC") is a public company originally formed under the laws of the state of California with its principal place of business located at 500 South Buena Vista Street Burbank, CA 91521-0991.   WDC is a company and, together with its subsidiaries and affiliates, is a leading diversified international family entertainment & media enterprise with five business segments: media networks, parks & resorts, studio entertainment, consumer products & interactive media.   WDC and its affiliates, Disney Entertainment,  NBC Universal Media, LLC, Providence Equity, Disney General Entertainment Content and Fox Entertainment Group, produced, publishes and presents the Hughes Brothers doc-u-series "Dear Mama" and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

24.     Defendant, NBC Universal Media, LLC, ("NBC") is a is a limited liability company and affiliate of WDC formed under the laws of the state of Delaware with its principal place of business located at 30 Rockefeller Plaza, New York City, NY 10112.   NBC Universal is a company consisting of a network of entertainment platforms and is a subsidiary of the Disney Entertainment business division of WDC.  NBC Universal produced, publishes and presents the Hughes Brothers doc-u-series "Dear Mama" in tandem with the other Defendants named here and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

25.     Defendant, Fox Entertainment Group, LLC ("Fox") is a is a limited liability company and affiliate of WDC formed under the laws of the state of Delaware with its principal place of business located at 1211 Avenue Of The Americas, New York, NY, 10036-8701.   Fox Entertainment is a company consisting of a network of entertainment platforms and is a subsidiary of the Disney Entertainment business division of WDC.  Fox Entertainment produced, publishes and presents the Hughes Brothers doc-u-series "Dear Mama" in tandem with the other Defendants named here and which in turn infringes upon the Plaintiff's copyrights as pled more specifically herein.

26.     Defendants Pizarro, Interscope and Universal Music may collectively be referred to herein as the "Pizarro/Interscope Defendants".

27.     Defendants, WB Music Corp., The underground Connection LLLP, Interscope Pearl Music, Inc., and Joshua's Dream Music, may collectively be referred to herein as the "Publishing Company Defendants".

28.     Defendants, HULU, LLC, FX Networks, LLC, The Walt Disney Company d/b/a/  Disney Entertainment, NBC Universal Media, LLC, Fox Entertainment Group, LLC, may collectively be referred to here as the "Disney/FX Defendants".

29.     Relief Defendant, Universal Music Publishing Inc., ("Universal Publishing") is a Delaware corporation with its principal place of business and global headquarters located at 1601 Cloverfield Blvd., Suite 4000N, Santa Monica, CA 90404.

30.     Relief Defendant, Warner Chappell Music, Inc. ("Warner") is a corporation organized under the laws of the state of Delaware, with its principal place of business located in California at 777 S. Santa Fe Avenue, Los Angeles, CA 90021. Warner is a for-profit corporation based on its business conducted within the State of New York.

31.    Relief Defendant, BMG Music Publishing, Inc., is a corporation organized under the laws of the United Kingdom with its principal offices located at 5 Merchant Square, London, W2 1AS, United Kingdom.

32.    Universal Publishing, Warner and BMG may collectively be referred to herein as the "Relief Defendant Companies".

33.    The Relief Defendant Companies acquired, hold ownership stake in and/or administer the copyright(s) and/or associated royalty payment streams in and to, and/or license assets and interests related to "Dear Mama" which are in fact truly owned by the Plaintiff Master Tee and which include the royalty interests and intellectual properties of the Plaintiff where the Relief Defendant Companies either knew, had good and sufficient reason to know,  or were otherwise negligent in exercising due diligence to discover that the Plaintiff's ownership and royalty interests and intellectual properties were actively and fraudulently concealed by Defendants Pizarro and Interscope.  As set forth more fully below, the Relief Defendant Companies are legally responsible to the Plaintiff Master Tee to make restitution, to freeze royalty payments going forward associated with the musical work "Dear Mama", to account to the Plaintiff for past royalty payment made and to correct the credits under which they currently operate so as to properly credit and account to the Plaintiff going forward.

## JURISDICTION AND VENUE

### *Diversity Basis*

34.    This Court has federal jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1332 and the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

35.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

36.     This Court may exercise personal jurisdiction over the Defendants because they are citizens of this state, the actions and omissions of the parties which occurred with the State of New York, Southern District of New York, and/or the Plaintiffs suffered injury within this District.

37.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because all of the Defendants conduct substantial business within the State of New York and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York, and under 28 U.S.C. §1400(a) since the misconduct by the Defendants in relation to the Plaintiffs' intellectual property and financial rights occurred within this district.


### *Copyright Basis*

38.      This civil action seeks damages and injunctive relief for common law and statutory copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. and torts under New York law.

39.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, *et seq*., and 28 U.S.C. §§ 1331 and 1338, based on federal question jurisdiction, and 28 U.S.C. § 1367, based on the Court's supplemental jurisdiction.

40.     This Court has personal jurisdiction over the Defendants and Relief Defendants pursuant to § 301 of New York's Civil Practice Law & Rules.  The Defendants and the Relief Defendants either maintain offices in New York, employ individuals in New York, and/or have pervasive corporate ties to the state that are sufficient to justify the imposition of general jurisdiction in New York state.

41.     This Court also has personal jurisdiction over the Defendants and the Relief Defendants pursuant to § 302 of New York's Civil Practice Law & Rules because, among other things: (a) Defendants and the Relief Defendants transact business in New York; (b) Defendants have committed tortious acts within New York, including publicly performing, reproducing, displaying, distributing and creating derivative works of Plaintiff's sound recordings to individuals in New York; (c) Defendants' ongoing infringement of Plaintiff's copyrighted work causes injury to, and is directed at, Plaintiff who is domiciled in the state of New York; and (d) Relief Defendants hold royalties and other rights of the Plaintiff's in businesses performed and subject to the jurisdiction of the United States District Court for the Southern District of New York in relation to any controversies regarding Plaintiff's copyright claims.

42.     This Court may exercise personal jurisdiction over the Defendants and Relief Defendants because they are citizens of this state, the actions and omissions of the parties which occurred with the State of New York, Southern District of New York, and/or the Plaintiff suffered injury within this District.

43.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) because all of the Defendants and Relief Defendants conduct substantial business within the State of New York and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York, and under 28 U.S.C. §1400(a) since the misconduct by the Defendants in relation to the Plaintiffs' intellectual property and financial rights held and controlled by the Relief Defendants occurred within this district.

## FACTS

44.     It is undisputed that Tupac Shakur became one of the biggest stars in hip-hop, some would argue more so after his untimely murder in Las Vegas in 1996.

45.     In fact, prior to 2Pac's murder, he was still in the early stages of what was soon his meteoric career and 2Pac suffered the effects of rapid stardom on an already tumultuous personal life, thus his musical creations and the resulting business which was anything but pacific and under control.

46.     In 1993 Master Tee was performing as a disc jockey ("DJ") for the popular rap artist Lana Michele Moorer p/k/a "MC Lyte", who is considered one of the pioneers of female rap[3].  Master Tee was introduced to 2Pac as such.

47.     Plaintiff Master Tee and 2Pac subsequently met at Unique Recording studio in 1993 and recorded the song "Dear Mama" in or around October of 1993.   From this meeting and collaboration, the iconic and historic hip hop song "Dear Mama" was created.

48.     Documentary evidence conclusively establishing the Plaintiff Master Tee's common law copyright and which dispositively and irrefutably demonstrates how Master Tee's copyright, proper credit and proper royalties were actively obscured and hidden from him until 2023 are referred here within this Complaint.

---

[3]      Moorer first gained fame in the late 1980s, becoming the first female rapper to release a full solo album with 1988's critically acclaimed Lyte as a Rock. The album spawned the singles "10%Dis" and "Paper Thin".  In 1989, she joined the supergroup Stop the Violence Movement, and appeared on the single "Self Destruction", which was the inaugural number-one single on the *Billboard* Hot Rap Singles chart.  https://en.wikipedia.org/wiki/MC_Lyte

49.     During this period 1993 through June 7, 1994 when 2Pac was working with Master Tee,

2Pac was in the middle of creating songs and music for his coming album which was first titled

by 2Pac as "Stay True" (the album was later retitled and released as "Me Against The World").



50.     Once the Master recording of the version of "Dear Mama" created by 2Pac and Master

Tee was completed at Unique recording Studio, a photograph of the Master was taken.  The Master

is presently part of an Exhibit at the Rock & Roll Hall of Fame Museum.  *See*, **Exhibit A**.



51.    As was 2Pac's artistic custom and habit, 2Pac listed in his own handwriting each and every producer or writer on each song intended for the coming album.



52.    Thus, as if from the grave, 2Pac's own handwritten list of the songs crediting Master Tee as the co-writer and producer of "Dear Mama" is dispositive. (Remarkably, on the same list of songs compiled for the coming "Me Against The World" album, 2Pac also records in his handwriting that the Defendant Pizarro only produced one other song entitled "High Til I Die".)

53.    The original song "Dear Mama" as set out on the Master Recording can be heard at Youtube in the version produced by Plaintiff, Master Tee. https://youtu.be/yjQMs7UrmAg.



54.     Defendant Pizarro will not be able to muster any proof beyond his own testimony that he was actively involved in the creation of the original 1993 Master Recording of "Dear Mama" or the coming album except for the song "High Til I Die".

55.     Despite Defendant Pizarro's limited involvement in 2Pac's coming album, Pizarro would later falsely claim for years following 2Pac's murder that Pizarro was substantially involved in the deceased 2Pac's entire 1994-1996 body of creative works.

56.     In fact, Defendant Pizarro only worked upon a version of "Dear Mama" that was later entitled "Dear Mama Remix" and the album version of "High Til I Die".

57.     The "Dear Mama" single dropped for sale to the public in February 1995 which, as described below, was the same month when 2Pac was sent to jail (discussed below).   It is clear from other evidence that at this time and witness testimony to be presented that 2Pac was much more concerned and consumed by his imminent incarceration than he was about the specifics of the publication of his recordings for sale to the public.

58.     What is abundantly clear and scientifically provable is that the remixed tape reels which were generated by the Defendant Pizarro, dated July 1994 and retitled "Dear Mama Remix", were derived from and are the Slave versions of the original 2 Inch Master Tape of "Dear Mama" created in 1993 by 2Pac and Master Tee.  *See*, **Exhibit A**.

59.     There is no factual doubt that the Defendants, Pizarro, Interscope and Universal Music conspired and acted together to appropriate as much of the credit to "Dear Mama" as they could to the exclusion of Master Tee while 2Pac was incarcerated and after his death.   Corroborative proof of the collusion of Pizarro, Interscope and Universal Music is demonstrated by the fact that Interscope's management took very limited steps to secure 2Pac's release from prison.[4]  Only after 2Pac agreed to sign a three-album deal with Marion "Suge" Knight's Def Jam records, were any serious steps taken by 2Pac's business partners who then was Knight and Def Jam.  Knight posted a $1.4 Million bail and used other appropriate resources and lawyers and 2Pac was released the same month in October 1995. Prior to that, Interscope and Universal Music let 2Pac languish.

---

[4]      Prior to the July 1996 interview with Bill Bellamy, on or about February 7, 1995, 2Pac was sentenced to 18 months to 4 1/2 years in prison by a judge who decried "an act of brutal violence against a helpless woman".  The conviction and sentence was a culmination of several incidents involving weapons, assaults, shooting, alleged criminal activity and, ultimately, law enforcement that marked the young superstar's life from 1993 through 1996. https://en.wikipedia.org/wiki/Tupac_Shakur#:~:text=On%20February%207%2C%201995%2C%20he,Clinton%20Correctional%20Facility%20in%20Dannemora.

60.     Subsequently, in the July 1996 videotaped interview of 2Pac by Bill Bellamy[5], 2Pac explained to Bellamy that when he and Master Tee collaborated in 1993 at the Unique Recording studios, Master Tee first wrote the music for "Dear Mama" and that Master Tee's original version contains a sample of a song by the artist named Joe Sample (coincidentally). Tupac Interview by Bill Bellamy 1996 (HQ)youtube (at 1 min., 07 secs. through 1 min., 37 secs).



61.     The Joe Sample song Master Tee sampled and used a in "Dear Mama" is a song entitled "In All My Wildest Dreams" which is administered by relief Defendant BMG.

62.     2Pac's recorded words stated follow from the MTV interview with Bellamy -  also posted on Youtube - in response to Bellamy's questions regarding the 2Pac's creation of "Dear Mama":

> **"No, because Master Tee gave me the beat, you know like DJ, he gave me the beat and I wrote her in the bathroom on the toilet, like on one of them early morning sit down for sessions. I just wrote it down and it came out like, like tears, you know, right?"**

---

5       For many years, Bellamy was a staple on MTV, a VJ and the host of several MTV programs including *MTV Jamz* and *MTV Beach House*.  https://en.wikipedia.org/wiki/Bill_Bellamy#cite_note-:1-11

**After I wrote it, I called my mom and I rapped it to her over the phone, like, live,  and she was crying like 'that's a hit.'"**

Tupac Interview by Bill Bellamy 1996 (HQ)youtube (at 1 min., 07 secs. through 1 min., 37 secs).

*See also*, a true and correct copy of a transcript of the Bellamy interview at **Exhibit B**.

63.    Upon information and belief, in late 1993 after Master Tee produced and finished the original recording of "Dear Mama", the 2 Inch Master Tape was left at Unique Studios in New York City, where Defendant Pizarro obtained possession of the Master Recording.  Thus, when 2Pac was jailed in February 1995, Pizarro was in position to assume control over the production of 2Pac's music.

64.    As set forth above, subsequent to his release from prison, on September 7, 1996, while in the company of Suge Knight in Las Vegas following a Mike Tyson boxing match, 2Pac was gunned down by assailants in a passing car and died in the hospital later that night.

65.    Prior to his death, while 2Pac was incarcerated, Defendant Pizarro usurped all of Master Tee's common law copyright in "Dear Mama" and "Dear Master Remix" and, remained unknown to Master Tee until the recent release of the Hughes Brothers/El Matador/Hulu/FX/Disney documentary earlier this year which is also entitled "Dear Mama".

66.    Defendant Pizarro actually filed a false copyright registration claiming ownership and excluding Master Tee's writing contribution.  It is important to note that the copyright of this recording is entitled "Dear Mama Remix" which acknowledges that Pizarro's work was not original.  *See*, **Exhibit C** (a true and correct copy of the copyright registration, PA0001643081).

67.    In fact, while 2Pac was incarcerated and without initial consent from 2Pac and without ever receiving any consent from Master Tee, Pizarro took the master recording of "Dear Mama" and made unilateral changes at the bequest of Interscope Records, which Pizarro intended would eliminate Master Tee's legitimate ownership of copyright.

68.     Keeping elements of the original Master Tee creation, Pizarro first erased or muted the "producer's tag" that "Produced by Master Tee" had recorded at the very beginning of the song as many producers do, which you can hear on the original recording posted on YouTube.

69.     Next, in a studio, Pizarro added to Master Tee's original music  and prior recorded sample of "In All My Wildest Dreams" by Joe Sample an interpolation (replay) of the Spinners' song entitled "Sadie", also a recording not owned by Pizarro.   The Spinners' song "Sadie" is administered by Relief Defendant, Warner Chappell.  The word "Sadie" from the Spinners song is replaced by a singer and the word "Sadie" was changed to the word "Lady".  2Pac's original lyrics that he voiced are contained on the Dear Mama "Remix" as copyrighted by Pizarro.  At the time of this Recording, technology did not exist that could separate the original tracks (i.e., the lyrics from the music" or "Stems") without using the original Master Recording.  *See,* **Exhibit C** (a true and correct copy of the  copyright registration, PA0001643081).

70.     Thereafter, Pizarro took every opportunity possible in public forums, websites, social media, Pizarro's own public relations forums and interviews to lay claim to every aspect of the written creative work associated with "Dear Mama" and "Dear Mama Remix" and, by his blanket claim to all the written creative work, overtly, expressly and intentionally foreclosed upon, misappropriated and assumed thereafter Master Tee's identity as the writer of "Dear Mama".

https://www.youtube.com/watch?v=qJnzEW6cfBw; *See also*, **Exhibit D** – a true and correct copy of the transcript of Pizzaro's interview with Baller.



71.     It is important to note that the "Dear Mama Remix" is the recording that Interscope knowingly included and knowingly popularized on 2Pac's album, single, and video.

72.     Pizzaro's misappropriation of Master Tee's identity as writer and of Master Tee's copyright rights in and to "Dear Mama" by registering the recording and composition entitled Dear Mama Remix, without attributing to Master Tee any credit continues to the present day and time.  *See*, https://www.instagram.com/p/CsuDk2iuth7/?hl=en.

73.     The scope of Pizzaro's and Interscope's wrongful acts against Master Tee were undiscovered by Master Tee who was duped by a skillful campaign of deception by Pizzaro and because Master Tee had no reason to know that he was not being accorded properly.

74.     Pizzaro's assumption of Master Tee's role as the writer was and is so pervasive that he misrepresents key facts concerning the samples used in Master Tee's recording.  In the book "Tupac Shakur, In the Studio Years 1989-1996 written by Jake Brown" Pizzaro alleges that 2Pac asked Pizzaro to create song using or sampling "In My Wildest Dreams" by a group called the "Crusaders", which is not the correct group, when it was in fact Joe Sample, as sampled by Master

Tee.  (*See* **Exhibit E**, <u>In My Wildest Dreams</u>, Chapter 4, "Me Against The World" at pp. 31-32). In other words, Pizarro, really did not even know which song Master Tee originally sampled.

75.     Contrary to Pizarro's public misrepresentations and the massive persona Pizarro developed off of the back of Master Tee's creative work, the recorded words of the artist 2Pac make it clear that Master Tee produced "Dear Mama" and Pizarro usurped it by calling it "Dear Mama Remix".

76.     For all intent and purposes "Dear Mama Remix" was treated by Defendants Interscope Records, Universal Music, the Publishing Defendants and the Relief Defendant publishing companies controlling the Joe Sample sample, the Spinners interpolation and the unknowing public as "Dear Mama"  as the original master recording even though its actual title is "Dear Mama Remix".[6]

77.     Upon information and belief, when the Joe Sample sample and the Spinner's interpolation used in "Dear Mama [Remix]" were cleared and licensed for use, during the period where Pizarro and Interscope/Universal had taken over 2Pac's music productions and when 2Pac was incarcerated or otherwise dealing with pending criminal prosecutions just before being murdered in 1996.  Master Tee's role as co-writer and co-publisher was intentionally obscured by Pizarro, Interscope, Universal Music and the respective publishing companies responsible for clearing the sample and interpolation even though Master Tee was correctly credited as producer in many places.

78.     One major reason that Master Tee did not know he was not receiving proper royalty and copyright credit was because he was receiving writer's and publishing royalties from BMI for radio of "Dear Mama".   Being a relatively unsophisticated producer, Master Tee did not until very recently appreciate that the royalties which he was deriving from BMI were actually much less

---

[6]     It is not uncommon in Hip Hop for remixes to occur and the common practice is for the remixer to receive a fee but receive no copyright ownership on the new composition.  This is not the case here.

than he should have been receiving had his creative work been credited as it should have been from the outset.  *See*, **Exhibit F** (true and correct copy of BMI checks).

79.    Indeed, Master Tee was regarding his writing credits occurred when a synchronization license was requested of him from the producers of the 2017 film "All Eyes in Me" to which Plaintiff Master Tee agreed. https://www.imdb.com/title/tt1666185/

80.     The license establishes that Master Tee  was properly recognized by the film producers as a co-writer and co-publisher of "Dear Mama".  *See*, **Exhibit G** -  true and correct copy of the synchronization license.  The producers of "All Eyes On Me" recognized and properly credited Terrence Thomas p/k/a Master Tee as co-writer of "Dear Mama".



81.    If not for the recent production by the Hughes Brothers doc-u-series, also entitled "Dear Mama", aired by the Disney/FX Defendants, in which Master Tee was not contacted nor asked to clear or license his rights, would Master Tee have reason to investigate his copyrights and monetary entitlements.  When the Hughes Brothers film aired, Plaintiff immediately secured counsel to investigate his rights.

82.    Master Tee has been receiving royalties from The Royalty Network.  He has been receiving payments from The Royalty Network over the years, and leaving those sums on account with his trusted and well respected veteran royalty administrator, Frank Liwall, as a protective savings account.   However, Master Tee has only just recently in the past few months that these royalties

were only for his role as producer but not as the co-writer/publisher of the iconic song.  The statements from the Royalty Network would not indicate on their face to Master Tee that the royalties he was being paid were only for producing and not also as a writer/publisher.

83.     In addition, The Royalty Network, the company responsible for collecting Master Tee's royalties is unable to produce a producer contract or publishing agreement with 2Pac's estate nor Interscope Records, the company responsible for paying both producer royalties and writer/publishing royalties.

84.     Therefore, it was a great surprise to Master Tee when it was just discovered that Plaintiff was being paid producer royalties (without a contract) and not receiving his publishing royalties.

85.     The Hughes Brothers Film "Dear Mama" premiered on April 21, 2023 and is touted by FX Network as the official account of the lives of mother and son, Afeni and Tupac Shakur. According to the Hughes Brothers/El Matador/Hulu/Disney/FX Defendants' advertising, the film "Dear Mama" is " a deeply personal five-part series the defied the conventions of traditional documentary story-telling to share an illuminating sage of mother and son..." https://www.fxnetworks.com/shows/dear-mama

86.     According to the FX Networks advertisements, "Allen Hughes serves as executive producer, writer and director along with executive producer and writer Lasse Järvi and executive producers Quincy Delight Jones III (QD3), Staci Robinson, Nelson George, Charles King, Peter Nelson, Adel "Future" Nur, Steve Berman, Marc Cimino, Jody Gerson, John Janick, Jamal Joseph and Ted Skillman. The five-part doc-u-series is produced by A Defiant Ones Media Group Production and An Amaru Entertainment Production in association with MACRO, Polygram, Interscope and DreamCrew Entertainment." https://www.fxnetworks.com/shows/dear-mama

87.     Defendant Pizarro also implies in his Instagram pages that he co-produced the FX "Dear Mama" doc-u-series.  *See*,  https://www.instagram.com/p/CsuDk2iuth7/?hl=en    Counsel for

Master Tee can find no evidence of Pizarro's creative connection to the Hughes Brothers' doc-u-series other than the standard licensing agreements which must exist.

88.    It is clear that at a point in time between October 1993 and the release of the album "Me Against the World" Pizarro came into possession of the original Master Recording of "Dear Mama" which was left behind at Unique Studios in New York.

89.    It is indisputable that Pizarro then must have delivered the recording to executive Tom Whalley, then President of Defendant Interscope Records/Universal Music where, upon information and belief Interscope then must have cleared the Joe Sample[7] sample and The Spinners' interpolation for use on "Dear Mama".  Pizarro thus monetized "Dear Mama" for his own personal gain and credits simply by adding the Spinners interpolation and mixing the recording when "Dear Mama Remix" was subsequently released by Interscope/Universal, without giving any credit or compensation to Master Tee as producer/writer/publisher.

90.    In the years following the release of "Me Against The World" the song "Dear Mama Remix" became a massive hit, earning critical acclaim and significant commercial success. It was eventually inducted into the Library of Congress, a rare honor for a rap song, solidifying its place in musical history. Despite this, Master Tee received no professional recognition or financial compensation for his core contribution to the song.

91.    In conclusion,  Master Tee had no reason to know that he was not receiving his writer/publisher royalties prior to the notoriety surrounding the Hughes Brothers' doc-u-series "Dear Mama" in 2023.  As such, all copyright infringement limitations periods only commenced to run upon Plaintiff's discovery of the infringement caused by the tortious and hidden misconduct

---

[7]    Joe Sample passed away in 2014.  Plaintiff has been unable to obtain copies of the license and clearance agreements despite many requests by Plaintiff's counsel to the known entertainment counsel for the parties.

of the Defendants as named here.  *See*, *Nealy v. Warner Chappell Music, Inc.*, 60 F. 4th 1325 (11th Cir. 2023).

92.     In an effort to correct this injustice, Master Tee has filed this complaint seeking proper credit as both producer, as well as the co-writer and co-publisher of both "Dear Mama," and "Dear Mama Remix" as well as compensation for his contributions to the song.


# COUNT I

## COPYRIGHT INFRINGEMENT
**(Against All Defendants)**

93.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

94.     The Defendants, commencing with Pizarro, and Interscope/Universal Music Group, as well as all the Publishing Defendants and Disney Defendants, and any other parties responsible for the release and distribution of the song "Dear Mama," and the Hughes Brother doc-u-series entitled "Dear Mama" have infringed upon Master Tee's copyright by releasing the song and the doc-u-series without Plaintiff having granted proper license or permission and by failing to credit him as a producer, co-writer and co-publisher of the song.

95.     Plaintiff has been damaged as a result in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.


# COUNT II

## UNJUST ENRICHMENT
**(Against All Defendants)**

96.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

97.     By reason of the foregoing facts, all Defendants including the Defendant Pizarro, and Interscope/Universal Music Group, and the Publishing Defendants and the Disney Defendants and each of them, as well as the publishers of Joe Sample and The Spinners, have become and are continuing to be unjustly enriched at the expense of Plaintiff by realizing monetary gain from their unpaid use of the Plaintiff's musical, creative and co-production work as described herein.  The Defendants have aggrandized their economic benefit in their use and publication of "Dear Mama" in the amounts which should have been paid to Plaintiff, Master Tee, but were not and in the percentage interests they have usurped from the Plaintiff, Master Tee, by misappropriating Master Tee's rights an claiming those rights as if they were theirs.

98.     All Defendants, including the Defendant Pizarro, and Interscope/Universal, and the Publishing Defendants and the Disney Defendants, as well as the publishers of Joe Sample and The Spinners and each of them, have been unjustly enriched in an amount which cannot be precisely ascertained at this time, but will be ascertained and adduced during discovery and accounting. The Defendants have aggrandized their economic benefit in their use and publication of "Dear Mama" in the amounts which should have been paid to Plaintiff, Master Tee, but were not and in the percentage interests they have usurped from the Plaintiff, Master Tee, by misappropriating Master Tee's rights and claiming those rights as if they were theirs.

99.     More specifically, Defendants Interscope Records' and Universal's earnings through their share of the copyright to the Master Recording of "Dear Mama" is intentionally aggrandized because of their exclusion of the copyrights of Plaintiff, Master Tee.

100.    Plaintiff has been damaged as a result of the foregoing in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.

## COUNT III

## CONVERSION/THEFT
### (Against All Defendants)

101.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

102.    The Defendants Pizarro, Interscope and Universal have knowingly and intentionally misappropriated, usurped, converted and stolen the intellectual property rights of Master Tee as they existed in the form of production, co-writing and co-publishing rights in and to the original Master Recording of the musical work "Dear Mama" and has done so to gain illegitimate monetary profits and to aggrandize his reputation in the music industry.

103.    The Publishing Defendants and the Disney Defendants have been constructively assigned all property interests in the Plaintiff's production, co-writing and co-publishing rights in the musical work "Dear Mama" pursuant to the underlying contracts, agreements and licenses which have been executed by them and Defendants Pizarro and Interscope/Universal and the Disney Defendants.

104.    The failure of the Defendants to pay the Plaintiff is now so pervasive and substantial that the Defendant Pizarro, Interscope/Universal, the Publishing Defendants and the Disney Defendants, and hence, the Relief Defendant Companies, have illegally transferred, infringed upon, and have subsequently converted the Plaintiff's intellectual property, production, co-writing and co-publishing rights in "Dear Mama".

105.    The Plaintiff has, through his counsel, notified all the Defendants and Relief Defendants that they have illegally transferred, infringed upon, and have subsequently converted the Plaintiff's intellectual property, production, co-writing and co-publishing rights in "Dear Mama".

106.    Defendants and the Relief Defendant Companies continue to collect and distribute all gross royalties and fees from all sources from exploitation of the Plaintiff's intellectual property,

production, co-writing and co-publishing rights in "Dear Mama" and have failed to deliver to the Plaintiff any accounting information or royalties and/or other fees earned production, co-writing and co-publishing rights.

107.   Defendants and the Relief Defendant Companies continue,  without license, right or authorization, to exercise dominion and/or control over the Plaintiff's intellectual property, production, co-writing and co-publishing rights in "Dear Mama" and have failed to deliver to the Plaintiff any accounting information or royalties and/or other fees earned production, co-writing and co-publishing rights.

108.   Defendants', and hence, the Relief Defendant Companies', conversion of Plaintiff's intellectual property, production, co-writing and co-publishing rights in "Dear Mama" and monies due therefrom is so willful, wanton and egregious that it shocks the conscious of a reasonable people and punitive damages are warranted.

109.   The Plaintiff has been damaged by the Defendants', and hence, the Relief Defendant Companies', conversion of Plaintiff's intellectual property, production, co-writing and co-publishing rights in "Dear Mama" and monies due therefrom, in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.


## COUNT IV

### *PRIMA FACIE* TORT
### (Against Defendants Pizarro, Interscope and Universal Music)

110.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

111.   Defendants Pizarro and Interscope/Universal Music intentionally and maliciously inflicted harm on Master Tee when they claimed that Pizarro and not Master Tee was the co-writer and co-

publisher of "Dear Mama" and secreted from Master Tee the fact that he was only credited and paid for his rights as producer of the iconic song.

112.    When "Dear Mama" became a huge success in the popular music culture these Defendants, motivated solely by spite and malice towards the Plaintiff, continued to misappropriate all co-writing and co-publishing rights associated with the song and intentionally deprived Plaintiff of the notoriety and historic attachment to the creative work.

113.    Defendants' actions in continuing to misappropriate all co-writing and co-publishing rights associated with "Dear Mama" and to intentionally deprive Plaintiff of the notoriety and historic attachment to the creative work were without any legal basis and did not serve any legitimate interest of Defendants other than to injure the Plaintiff.

114.    As a result of Defendants' intentional and malicious acts and conduct, Plaintiff has been harmed.

115.    Plaintiff suffered special damages as a result of the Defendants' intentional acts and misconduct in the amount expended to procure an accounting and to correct the record in the industry.

116.    Plaintiff has been damaged in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.


## COUNT V

### FRAUDULENT CONCEALMENT
### OF THE PLAINTIFF'S INTERESTS
### (Against the Defendants Pizzaro, Interscope and Universal Music)

117.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

118.    Defendants Pizarro, Interscope and Universal possessed for several years but nevertheless intentionally failed to disclose to those certain Relief Defendant Companies the separately identifiable financial interest of the Plaintiff as a co-writer and co-publisher of the Master Recording of "Dear Mama" and thereby in "Dear Mama Remix".

119.    Defendants Pizarro, Interscope and Universal Music intentionally failed to disclose to the Relief Defendant Companies their duties to account and pay royalties to the Plaintiff as a co-writer and co-publisher of the Master Recording of "Dear Mama" and "Dear Mama Remix".

120.    Pizarro, Interscope and Universal Music conspired and agreed together to conceal the true facts concerning the scope of Plaintiff's copyrights and entitlement to royalties as producer, writer and publisher of "Dear Mama" and thereby to illegitimately profit by their fraudulent concealment.

121.    The Relief Defendant Companies relied upon false warranties and fraudulent concealment of the Defendants Pizarro, Interscope and Universal Music in their various business dealings in relation to the Master Recording of "Dear Mama" and "Dear Mama Remix".

122.    Plaintiff relied upon the false warranties and fraudulent concealment by the Defendants Pizarro, Interscope and Universal Music to the extent that he assumed that payments generated in their various business dealings in relation to the Master Recording of "Dear Mama" and "Dear Mama Remix" had necessarily calculated all of his intellectual property rights in "Dear Mama" and not just his rights as a producer.

123.    Alternatively, the Relief Defendant Companies negligently failed to conduct a proper investigation and to diligently discover their duties to account and pay royalties to the Plaintiff as a co-writer and co-publisher of the Master Recording of "Dear Mama" and "Dear Mama Remix".

124.    Plaintiff Master Tee relied to his detriment on the short-paid amounts received based upon the fraudulent concealment of his rights by the Defendants, Pizarro, Interscope and Universal Music, and, in turn, based upon the assumed good faith conduct of the Relief Defendant

Companies, which had been adversely affected by their reliance upon the fraudulent concealment of Plaintiff's rights by the Defendants, Pizarro, Interscope and Universal.

125.    Plaintiff has been damaged by the fraudulent concealment of Plaintiff's rights by the Defendants, Pizarro, Interscope and Universal Music in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.

## COUNT VI

### BREACH OF FIDUCIARY DUTY
**(Against the Defendants Pizzaro, Interscope and Universal Music)**

126.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

127.    Defendants Pizarro,  Interscope and Universal were in a special relationship with the producer Master Tee regarding "Dear Mama" such that they assumed and accepted a higher fiduciary duty of care towards the Plaintiff producer, co-writer and co-publisher than otherwise existing in normal arms-length transactions in the music industry.

128.     Defendants Pizarro, Interscope and Universal breached their fiduciary duties by the misconduct alleged against them in this Complaint resulting in Plaintiff's true rights as producer, co-writer and co-published being obscured by the Defendants, appropriated by the Defendants and secreted from the world by the Defendants.

129.     The Defendants Pizarro, Interscope and Universal Music have materially breached and continue to breach their common law fiduciary duty to the Plaintiff.

130.    The Defendants multiple and long-term breaches of their fiduciary duties to the Plaintiff are egregious, pervasive and intentionally committed in bad faith.

131.    As a result of the Defendants' breach of fiduciary duties, the Plaintiff has suffered reasonably foreseeable damages and injuries including, but not limited to royalties or other sums

or fees paid to the Defendants in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.

## COUNT VII

## DECLARATORY JUDGEMENT

132.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

133.   It is incontrovertible that the Plaintiff Master Tee is not only the producer but is also the co-writer and co-publisher of the iconic song "Dear Mama" and thus its derivative works such as "Dear Mama Remix".

134.   Despite his requests and notices to the Defendants and Relief Defendants herein, Plaintiff has not been formally recognized and credited as such.

135.   Plaintiff is compelled to seek a declaratory judgement that Plaintiff is, in fact, not only the producer but is also the co-writer and co-publisher of the iconic song "Dear Mama" and thus its derivative works such as "Dear Mama Remix".

136.   As a result, the Plaintiff seeks judgment arising from the declaration of this Court, that Plaintiff has a right to continuing royalties and is entitled to a monetary judgment in an amount to be proven at trial but greater than the jurisdictional thresholds required in this Court.

## COUNT VIII

## INJUNCTION
### (As to Defendants and The Relief Defendant Companies)

137.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

138.    The production, writing and publishing of the Plaintiff in the song "Dear Mama" was of a special, unique, unusual, extraordinary and intellectual character qualifying same for injunctive relief.

139.    In light of the fraudulent concealment of the Plaintiff's rights and interests by the Defendants as alleged herein, the Defendants and the Relief Defendant Companies should be enjoined from receiving or distributing any royalties, investment returns, dividends or other profit based distributions, and certainly any sums now owed or in the future owed in relation to the song "Dear Mama" and thus its derivative works such as "Dear Mama Remix".

140.    Said injunction is requested to exists pending a full determination of Plaintiff's rights to the song or until Defendants and and/or the Relief Defendant Companies have fully satisfied the obligations owed to the Plaintiff.

141.    The Plaintiff have no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for herein is necessary and appropriate at this time to prevent irreparable loss to the Plaintiff's interests.


## COUNT IX

## ACCOUNTING

142.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

143.    The Plaintiff has a contractual and financial interest in all of the money that is generated by the Defendants and/or the Relief Defendants the publication, distribution and exploitation of the song  "Dear Mama" and thus its derivative works such as "Dear Mama Remix" in which the Plaintiff interests are found.

144.     The Plaintiff is informed and believe that the the Defendants and/or the Relief Defendants have generated and earned an undetermined, yet substantial amount of money, due to the commercial success of "Dear Mama" and thus its derivative works such as "Dear Mama Remix" in which the Plaintiff interests are found in which the Plaintiff has a financial interest through sales, distribution, promotion, circulation, and other exploitation of original musical compositions and master recordings of the songs and as contained on other compilations, unauthorized remixes, and other fixations.

145.     The Plaintiff is entitled to an accounting to ascertain the monetary value of his rights which have remained uncompensated.

146.     Accordingly, the Plaintiff hereby request that the Court order an accounting of all of the Defendants' and the Relief Defendants' financial records related to the song "Dear Mama" and "Dear Mama Remix" in order to determine the sums rightfully due to the Plaintiff.


## COUNT  X

### NEGLIGENCE
### (Against the Publishing Defendants, the Disney Defendants
### and Relief Defendant Companies)

147.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth here at length.

148.     The Publishing Defendants, Disney Defendants and the Relief Defendant Companies had a duty to Plaintiff to diligently and properly ascertain the co-writing and co-publishing rights behind the iconic song "Dear Mama".

149.     The Publishing Defendants, Disney Defendants and Relief Defendant Companies breached their duty to Plaintiff diligently and properly ascertain the co-writing and co-publishing rights behind the iconic song "Dear Mama".

150.    In the case of the Disney Defendants, their breach of duty was wholly avoidable had they simply looked at the credits to the 2017 film "All Eyes on Me".

151.    Plaintiff has been damaged as a result of the Publishing Defendants, Disney Defendants and Relief Defendant Companies' breach of duty to Plaintiff to diligently and properly ascertain the co-writing and co-publishing rights behind the iconic song "Dear Mama" in an amount to be proven at trial but in excess of the jurisdictional thresholds of this Court.

WHEREFORE, the Plaintiff demands judgment as follows:

a.   On COUNT I, for Judgment against the Defendants Pizarro, Interscope, Universal Music and the Publishing Defendants for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

b.   On COUNT II, for Judgment against the Defendants Pizarro, Interscope, Universal Music and the Publishing Defendants for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

c.   On COUNT III, for Judgment against the Defendants Pizarro, Interscope, Universal Music and the Publishing Defendants for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

d.   On COUNT IV, for Judgment against the Defendants Pizarro, Interscope and Universal Music for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

e.   On COUNT V, for Judgment against the Defendants Pizarro, Interscope and Universal Music for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

f.   On COUNT VI, for Judgment against the Defendants Pizarro, Interscope and Universal Music for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

g.   On COUNT VII, for Declaratory Judgment that the Plaintiff Master Tee is not only the producer but is also the co-writer and co-publisher of the iconic song "Dear Mama" and thus its derivative works such as "Dear Mama Remix".

h.   On COUNT VIII, for an Order enjoining the Defendants and the Relief Defendant Companies from:

- receiving or distributing any royalties, investment returns, dividends or other profit based distributions, and certainly any sums now owed or in the future owed in relation to the song "Dear Mama" and thus its derivative works such as "Dear Mama Remix" pending final determinations made in this Court and to refrain from disbursing royalty and financial interests related to the song unless an order directly approving such disbursement is entered by this Court; and

- distributing or showing the doc-u-series "Dear Mama" pending final determinations made in this Court and to refrain from disbursing royalty and financial interests related to the doc-u-series unless an order directly approving such disbursement is entered by this Court.

i.   On COUNT IX, for an Order compelling an accounting from Defendants and Relief Defendants to the Plaintiff for all Plaintiff's unpaid royalty and financial interests.

j.   On COUNT X, for Judgment against the Pizarro/Interscope Defendants, the Publishing Defendants and the Disney Defendants for consequential damages in an amount to be determined by a jury, with interests, costs and attorneys' fees.

k.  For such other and further relief as this Court deems just and warranted including costs and

interest.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand  a trial by jury on all claims for relief and issues triable by jury.

Dated: New York, New York
       November 17,  2023

Respectfully submitted,

*/s/ Kevon Glickman*
Kevon Glickman, Esq.
Kevon Glickman Law LLC
P.O. Box 25
Gladwyne PA 19035
kevonglickman@icloud.com
610-761-6833

*/s/ Paul W. Verner*
Paul W. Verner, Esq.
VERNER SIMON
30 Wall Street, 8th Floor
New York, New York 10005
pwverner@vernerlaw.com
212-502-5500

*Attorneys for Plaintiff*