# VERNER SIMON

30 WALL STREET, 8TH FLOOR • NEW YORK, NEW YORK 10005 • (212) 502 5500 / (212) 502 5400 FAX

MEMO ENDORSED April 8, 2024

**VIA ECF**
Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

Re: *Thomas v. Pizarro et al.*
Case No.: 23-cv-10159-LAK

Dear Judge Kaplan:

I am the litigation and trial counsel to the Plaintiff and attorney Kevon Glickman is the entertainment and transactional counsel for Plaintiff, Mr. Thomas. As such, and with the consent of all appearing Defendants, I write to request leave to serve the Defendants, Anthony Pizarro and the Hughes Brothers, by alternative means and for an extension of time under F.R.C.P. 4(m). We are also advising the Court jointly with the appearing Defendants that the parties all appear willing to enter into a Standstill Agreement and/or to have this matter referred to the Magistrate Judge for settlement conference thereby eliminating the need for an Initial Case Management Conference on the scheduled date of April 25, 2024. In this regard, all those Defendants which have previously agreed to respond to the Amended Complaint on or before April 15, 2024 would have their response time extended until such time as a notice of resumption of prosecution was issued by one or another party under the Stand Still. We intend to file an agreed proposed Stand Still Agreement by the current April 15th response date and will request that same so-ordered. Finally, Defendants request, and Plaintiff consents, that the current April 15th response date be deemed extended pending submission and ruling on the request for an order made here.

The initial Complaint in this matter was filed on November 18, 2023 (ECF#001). As explained in prior applications to the Court pursuant to your directive ECF#021, dated November 21, 2023, we caused Plaintiff's Amended Complaint to be filed on December 14, 2023 (ECF#024) addressing diversity jurisdiction pleadings.

After filing the Amended Complaint and continuing through the present day, we have taken repeated and reasonable steps to communicate with the known in-house counsel of the named Defendant entertainment and music, production companies and publishers to secure Waivers of Service of the Summons. By so-ordered Stipulations and Waivers of Service (ECF## 030 and 040), all Defendants but for the Defendants Anthony Pizarro and Allen Hughes/Albert Hughes p/k/a "The Hughes Brothers", have counsel whom have either appeared or would, otherwise respond to the Amended Complaint on April 15, 2024, but for the agreement we have reached and referred to above.[1]  *See*, ECF##041 and 042.

---

[1] Defendants The Underground Connection, LLLP and Joshua's Dream Music, an entity established to manage the Estate of the late Tupac Amaru Shakur, who are filed parties to the relevant copyright filings of the Tupac Shakur

# VERNER SIMON

Hon. Lewis A. Kaplan
United States District Court
April 8, 2024

Page 2

The primary Defendant, Mr. Pizarro, has apparently wiped his public information and his older known email addresses have rejected our transmissions. Accordingly, we have resorted to LinkedIn and Instagram messaging and have not yet received responses to our transmissions which clearly have been received in good order. Our transmissions to the known in-house counsel for Defendants and Relief Defendants and Mr. Pizarro himself have been issued by email on 12/13/2023, 12/14/2023, 1/4/2024, 1/5/2024 and 1/11/2024. Service attempts to residential addresses which were previously lived in have resulted in a determination that Mr. Pizarro has an unknown residence at the present time. Further, our investigation regarding the location where Mr. Pizarro receives his royalty checks (from co-defendants in this action) indicates it is a rented mailbox which was procured with the drivers' license of a friend.

The Hughes Brothers Defendants apparently do not currently have any central or single address for their unincorporated production company operations. Like Pizarro, they appear to keep their residential addresses hidden from the public and, in the public forums and search services designed to disclose such resident addresses, they seem to be scrubbed and now not publicly accessible.

Prior to the 1993 amendment of F.R.C.P. 4, Rule 4(j) required dismissal of a case if a party was not served with process within 120 days, unless plaintiff showed good cause. Subsequent to amendment, Rule 4(m) directs a district court—on motion or on its own after notice to the plaintiff—to dismiss an action without prejudice if a plaintiff fails to serve a defendant within ninety days of the filing of the complaint or extend the time period for service even when there is no a showing of good cause. *Zapata v City of NY*, 502 F3d 192, 196 (2d Cir 2007), citing, *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005); *Panaras v. Liquid Carbonic Indus.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995); *Petrucelli v. Bohringer and Ratzinger, Gmbh*, 46 F.3d 1298, 1304-08 (3d Cir. 1995).

The Second Circuit has held that district courts have discretion to grant extensions under Rule 4(m) even in the absence of good cause in the failure to effect service. *Zapata*, at 196.

> Where, as here, good cause is lacking, [footnote omitted] but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.

*Zapata*, at 197.

---

song "Dear Mama" are apparently defunct entities which have lapsed. We do not believe these are necessary/compulsory parties at this time but are continuing our analysis.

# VERNER SIMON

Hon. Lewis A. Kaplan
United States District Court
April 8, 2024

Page 3

Thus Rule 4(m) requires a court to extend the period for good cause ... and [further] supplies courts with discretion to either dismiss the case or extend the time period for service when there is no showing of good cause. But an opportunity to show good cause must be given to the plaintiff. *Moskovits v Fed. Republic of Brazil*, 2024 U.S. App. LEXIS 1799, at *3 (2d Cir. 2024, No. 23-699), accord, *Mhina v Bank of Am., N.A.*, 2023 U.S. App. LEXIS 27641, at *8 (2d Cir. 2023, No. 23-96-cv).

It is respectfully requested that given the good cause shown above and the law to be applied, that the Plaintiff's Motion for an Extension Pursuant to F.R.C.P. 4(m) should be granted and Plaintiff be allowed up to forty-five (45) days or until May 22, 2024 to effect service upon the Defendants Pizarro and The Hughes Brothers.[2]

Furthermore, plaintiff submits that the Court should grant leave to serve the summons upon the Defendants Pizarro and The Hughes Brothers by alternative means, namely, through the known and working emails of the Defendants and/or to their publicly advertised entertainment agents as reported on the Internet Movie Database (IMDd) and/or to serve by publication in Billboard or Variety magazines.

Service on individuals within the United States is governed by F.R.C.P. 4(e). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under New York law, service of process on a natural person may be effected by (1) personal service; or (2) delivery "to a person of suitable age and discretion at the actual place of business" or "dwelling place" of the person to be served and mailing the summons to the last known residence or actual place of business of the person to be served." N.Y. C.P.L.R. § 308(1)(2). Where such service "cannot be made with due diligence," service may be effected by "affixing the summons to the door of either the actual place of business [or] dwelling" of the person to be served and "mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" under Section 308(4). Where the means of determining the actual place of business or resident addresses of the Defendants has been actively obscured and hidden by the Defendants, most likely due to the public nature of their business or their public personas and the danger of disclosing such addresses, Plaintiff submits that alternative service means are warranted because regular means have been rendered impracticable.

When traditional methods of service appear "impracticable" may the Court direct service of process by alternative means, such as email. *Avail 1 LLC v Kalsi*, 2023 US Dist LEXIS 198782,

---

[2] It is worth noting that in conferring with counsel for Defendants, Plaintiff's attorneys have been informed that certain Defendants may implead and cross-claim against these hard to serve Defendants if the matter does not settle.

# VERNER SIMON

Hon. Lewis A. Kaplan
United States District Court
April 8, 2024

Page 4

at *3-5 (SDNY 2023, No. 23-cv-1641), citing N.Y. C.P.L.R. § 308(5); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365-66 (E.D.N.Y. 2016). ("'(T)he impracticability standard is not capable of easy definition'").

It is respectfully submitted that alternative means of service should be allowed in the case of the Defendants Pizarro and The Hughes Brothers such service to be effected within the requested forty-five day extension under Rule 4(m) requested above. We further request an order extending the Defendants' collective April 15, 2024 response dates[3] on the grounds that by April 15th the appearing Defendants and Plaintiff shall submit their proposed Stand Still Agreement and that the April 25, 2024 Initial Case Management Conference shall be converted to a conference where referral to the Magistrate Judge for further settlement conference will be addressed.

Thank you for your consideration.

Very truly yours,
VERNER SIMON

*s/ Paul W. Verner*
Paul W. Verner

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
4/11/24

---

[3] To clarify further, Defendant BMG's current initial response deadline is May 20, 2024 rather than April 15th. We respectfully request a re-ordering of all response/conference dates such that the uniform desire to resolve the disputes in this matter at settlement conference and under a Standstill Agreement is coupled with a future uniform response date should these efforts fall short.