USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-16-24

## STANDSTILL AGREEMENT

*Thomas v. Pizarro, et. al.*, Case No. 23-cv-10159 (S.D.N.Y.)

This Standstill Agreement (the "Standstill") is made as of April 15, 2024, between plaintiff Terrence Thomas ("plaintiff") and the defendants that have appeared in the action entitled *Thomas v. Pizarro, et. al.*, United States District Court for the Southern District of New York, Case No. 23-cv-10159 (LAK) (the "Action"), defendants Interscope Records, Inc., W. Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., Universal Music Group, N.V., El Matador Productions, LLC, Hulu, LLC, The Walt Disney Company d/b/a Disney Entertainment, NBC Universal Media, LLC, Fox Entertainment Group, LLC, Universal Music Publishing, Inc., Warner Chappell Music, Inc., and BMG Rights Management (UK) Limited ("BMG") (sued incorrectly as "BMG Music Publishing, Inc.") (collectively, "defendants" and, with plaintiff, the "parties"), through their undersigned counsel of record.

WHEREAS, the parties have various claims and defenses which are the subject of the Action, and which are disputed;

WHEREAS, the parties have agreed to continue ongoing settlement discussions among themselves and to participate in a settlement conference before a Magistrate Judge, and believe that there is a significant prospect of resolving the matter through settlement;

WHEREAS, active litigation at this time may cause potentially unnecessary use of the Court's resources and expense and will interfere with the settlement discussions;

WHEREAS, the parties believe that defendant Tony Pizarro's ("Pizarro") and defendants Allen and Albert Hughes' ("Hughes") participation in the settlement discussions is essential; and

WHEREAS, plaintiff is diligently attempting to serve Pizarro and Hughes, has not served them as of the date of this Agreement but shall in accord with this Court's April 11, 2024 Order (ECF#046) ;

NOW THEREFORE, to conserve the Court's and the parties' resources and facilitate continuing settlement discussions, the parties hereby agree as follows:

1. Except for plaintiff's ongoing efforts to effect service on Pizarro and Hughes as well as any other non-appearing parties as may be warranted), the parties shall take no formal action in the Action except as the Court may require or that may be necessary or appropriate to preserve their rights, until September 15, 2024 (the "Standstill"); provided that, for good cause, any party may seek to terminate this Standstill by operation or paragraph 4. below or order of the Court.

2. While this Standstill remains in effect any party may elect to provide in its sole discretion or accept documents or information for settlement purposes only. All document and information exchanges and any discussions between or among the parties hereto while the Standstill remains in effect shall be subject to Federal Rule of Evidence 408 unless any party in advance of providing or receiving such documents or information or engaging in any such discussions states otherwise in writing.   SO ORDERED

LEWIS A. KAPLAN, USDJ

4/16/24

3982.077/2030097.1