# KING, HOLMES, PATERNO & SORIANO, LLP
### ATTORNEYS AT LAW

HOWARD E. KING
KEITH T. HOLMES
PETER T. PATERNO
LAURIE L. SORIANO
STEPHEN D. ROTHSCHILD
LESLIE E. FRANK
SCOTT MCDOWELL
JOSEPH M. CARLONE
JACQUELINE SABEC
MICHAEL REXFORD
MARJORIE GARCIA
SAMUEL G. ROSEME
JOHN G. SNOW
JACKSON S. TRUGMAN
JESSICA S. KIM
BRIGITTE L. ALANIS
TYLER G. GARBER
HAROLD C. PAPINEAU
CHRISTOPHER CHIANG
SAMUEL L. HIRSCH

OF COUNSEL
HENRY GRADSTEIN
TOR BRAHAM
JEFFREY P. SILBERMAN

1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE (310) 282-8989
FACSIMILE (310) 282-8903

SAN FRANCISCO OFFICE:
5 Ross Common
Ross, CA 94957
TELEPHONE: (415) 497-6364

WRITER'S DIRECT DIAL:
(310) 282-8986

June 5, 2024

**MEMO ENDORSED**

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court Judge
United States Courthouse
50 Pearl St., Ctrm. 21B
New York, NY 10007

Re:  **_Terrence Thomas, etc. v. Tony D. Pizarro, et al., Case No. 23-cv-10159-LAK_**
**_Motion to Adjourn June 27, 2024, Settlement Conference (ECF Rule 13.1)_**

Your Honor:

Defendants Interscope Records ("Interscope"), a division of defendants Universal Music Group, N.V. ("UMG") and UMG; Hulu, LLC, FX Networks, LLC, The Walt Disney Company, and Fox Entertainment Group, LLC (the "FX Defendants"), and El Matador Productions, LLC ("El Matador") and relief defendant Universal Music Publishing, Inc. ("UMP") (collectively, "defendants") move to reopen this case and lift the "standstill order" issued on April 16, 2024 [Dkt 49] and set a date two weeks from the Court's ruling on this motion for defendants to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1]

### 1. Introduction

This case is for copyright infringement and various related (and preempted) state law claims. Plaintiff alleges that in 1993 he co-wrote and produced the Tupac Shakur song "Dear

---

[1] Defendants also are filing a letter motion with the Magistrate Judge assigned to this case to adjourn the mandatory settlement conference now scheduled for June 27, 2024, for the same reasons as are sets forth in this motion.

Hon. Lewis A. Kaplan
June 5, 2024
Page 2

Mama" and that since the track's release in 1995 he has not received credit, writer royalties, or the full amount of producer royalties due to him. Plaintiff accuses defendant Tony Pizarro ("Pizarro"), who has been credited as a co-author and producer of "Dear Mama" since 1995, of misappropriating plaintiff's credits and royalties, and alleges that Pizarro has been openly and notoriously publicizing his role as "Dear Mama's" co-writer and producer in interviews and on social media "for years" without giving credit to plaintiff. Plaintiff has alleged no cogent theory as to why the defendants other than Pizarro should be held responsible for his claims, and has stated that he may dismiss some defendants, whom he does not identify. (Ex. 1.)

Plaintiff's thirty-year old claims are time barred. Plaintiff relies on the discovery rule to excuse his decades-long delay, claiming that his lack of sophistication prevented him from discovering his claims earlier. However, plaintiff's admissions in his complaint and first amended complaint (the "FAC") show that he has been on notice of his claims since "Dear Mama" was released twenty-nine years ago.

Defendants agreed to stay the instant action and participate in an MSC because plaintiff's counsel represented to the undersigned that this case was not a "hold up" and that plaintiff was merely seeking formal credit and a modest writer's royalty. Since then, plaintiff has made it abundantly clear that he and this case are not ready for a serious settlement discussion.

First, instead of a modest royalty, plaintiff is now demanding hundreds of thousands of dollars from each defendant, and a writer's share of "Dear Mama" that is twice what the Tupac Shakur estate receives for Shakur's lyrical contribution. (Ex. 2.) Second, Pizarro has not appeared in the action, and it is uncertain whether plaintiff has even served him. Without Pizarro—according to plaintiff, the real wrongdoer—the case cannot settle. Third, the cost of the MSC is prohibitive. Moving defendants are based in California, and participating in the MSC, including preparation, travel expenses and attorney time, will cost between $40,000 and $50,000. Other defendants' combined attendance will also cost tens of thousands of dollars. Those amounts are far more than the cost of a motion to dismiss. Moreover, if the defendants who have appeared settle, they risk being brought back into the dispute should Pizarro seek contribution against them.

2. **Plaintiff's Claims Are Untimely, as a Matter of Law**

Courts regularly dismiss copyright claims on statute of limitations grounds at the pleadings stage where "it is clear from the face of the complaint and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737 * 6 (S.D.N.Y. September 30, 2018).

"Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' " *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120,

Hon. Lewis A. Kaplan
June 5, 2024
Page 3

> 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)). In *Psihoyos*, the Second Circuit joined all other circuits that have considered the issue by adopting the "discovery rule" to determine when an infringement claim accrues: "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id.* Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement. Id. The standard for whether a plaintiff should have discovered the relevant infringement is an objective one. See *Staehr*, 547 F.3d at 427. *Id.*

Plaintiff attempts to excuse waiting thirty years to bring his claims on the grounds that he is "unsophisticated." However, the FAC admits that plaintiff has been aware that he was not receiving the credit he now claims for decades. Plaintiff admits that "Dear Mama" is an "epic landmark in hip-hop music culture" (¶ 2), that Pizarro has touted himself as the writer of "Dear Mama" "for years" (¶ 55), that Pizarro falsely (and publicly) registered the copyright in his name and without listing plaintiff as a co-writer (¶¶ 66, 72), that the 2005 book *Tupac Shakur: 2Pac in the Studio (The Studio Years (1989-1996)* repeats Mr. Pizarro's false claims, and, most glaringly, the following:

> Thereafter, Pizarro took every opportunity possible in public forums, websites, social media, Pizarro's own public relations forums and interviews to lay claim to every aspect of the written creative work associated with "Dear Mama" and "Dear Mama Remix" and, by his blanket claim to all the written creative work, overtly, expressly and intentionally foreclosed upon, misappropriated and assumed thereafter Master Tee's identity as the writer of "Dear Mama." *Id.*, at ¶ 70.

### 3. The Parties' Settlement Discussions

On April 23, 2024, after inducing defendants to agree to stay the action with promises that plaintiff was seeking a modest settlement, plaintiff's counsel sent the email, a copy of which is attached hereto as Exhibit 2, proposing a $1.6 million cash settlement or a $200,000 cash settlement, an award of a 15 percent writer's royalty for "Dear Mama" and a doubling of his producer royalty. The demand would be pure fantasy even if plaintiff's claims were timely.

First, a 15% writer's royalty would be nearly twice the Shakur Estate's 8.33% royalty. Second, there is no basis to increase plaintiff's producer royalty, as his producer royalty is set by a written contract that he signed in the 1990s. (His desire to litigate the validity of a contract that his nearly thirty years old, when records and witnesses are no longer available, underscores the prejudice his delay in bringing his claims has caused.)

Hon. Lewis A. Kaplan
June 5, 2024
Page 4

Since receipt of plaintiff's April 23, 2024, demand, moving defendants and other defendants in the case have urged plaintiff to examine the case and formulate a proposal that is realistic. See Exs. 3, 4. Plaintiff has not done so.

**4.     Conclusion.**

Defendants respectfully request that the Court grant the instant motion, vacate the standstill order, and set a date at least two weeks after the Court's ruling on this motion for defendants to file their motion to dismiss, because Pizarro cannot be compelled to attend an MSC and the cost of participating in the mediation will be far more than the value of the case and the cost of litigating it to dismissal.

Very truly yours,

/s/ Stephen D. Rothschild

Stephen D. Rothschild
of King, Holmes, Paterno & Soriano, LLP

SDR:sk

Enclosures

Granted. The standstill order is vacated. Motion to dismiss to be filed on or before June 25, 2024.

SO ORDERED

LEWIS A. KAPLAN, USDJ
6/11/24

3982.077/2048765.1